GREMILLION, Judge,
concurring.
hi agree with the majority’s finding that the trial court erroneously granted summary judgment dismissing Rotorcraft and Catlin’s suit against H.E.R.O.S. and Dela-van. While I agree with the majority’s reasoning relating to Delavan’s arguments in assignments of error one and three, I find its reasoning fails as to assignment of error two.
Delavan’s most compelling argument is that this is not a claim for redhibition because, it was not a contract of sale, but rather a contract for repair services. The majority however asserts that Delavan’s argument is that “because this is a maritime case plaintiffs claims fall under the ambit of maritime law exclusively, and thus, the law on redhibition is not applicable.” This is simply an incorrect characterization of the defendant’s argument in its second assignment of error.
Furthermore, the issue of whether the transaction between Rotorcraft and Dela-van was a sale, i.e., purchase of a product, versus a contract of repair is a factual determination that is not appropriate for determination on summary judgment when conflicting evidence has been presented by the parties.' The majority has concluded that this was a sale as it states, “As we have determined, | ¡>the allegedly defective fuel nozzle is the ‘product’ that is the object of the sale between Rotorcraft and HEROS.” I must concur because I cannot arrive at the same conclusion. In my opinion, a genuine issue exists as to whether it is a sale.
This factual determination is properly left with the trier of fact. Delavan has failed to show there are no genuine issues of fact relating to the nature of the transaction between it and Rotorcraft. While a document showing an itemized amount of $1,750.00 ■ for a “refurbished fuel nozzle” was submitted into evidence, so too was the deposition testimony, of Rotorcraft’s own corporate representative who stated, “You’re paying for the overhaul. You’re not paying for the new purchase of that article.” Whether a sale occurred is a material fact that precludes summary judgment. Accordingly, I concur with the result reached by the majority in finding that summary judgment was not appropriate.